### William F. James *et al.*

*v.*

### Thomas Hanks *et al.*

*Opinion re-filed April 24, 1903.*

1. Contracts—*when contract is not without consideration.* If a deed from husband to wife, and two agreements between them, are executed on the same day and with reference to the same subject matter, and each agreement expressly refers to the deed, the deed and the agreements must be read together as one instrument; and it cannot be said the husband's agreement was without consideration merely because the wife's agreement was already embodied in the terms of the deed.

2. Wills—*when the conversion of real estate does not give proceeds the quality of personalty for all purposes.* If a testatrix directs her lands to be sold for the particular purpose of paying certain gifts to legatees, the conversion does not give to the proceeds the quality of personalty for the benefit of her husband, as her heir-at-law.

3. Waiver—*heirs cannot insist upon a right which ancestor has waived.* If a husband refuses to treat acts of his wife as releasing him from the obligation of their contracts respecting certain real estate, but chooses to regard such contracts as binding, his heirs cannot insist upon the right so waived by him.

Writ of Error to the Circuit Court of Edgar county; the Hon. Frank K. Dunn, Judge, presiding.

F. W. DUNDAS, W. H. CLINTON, J. E. DYAS, and H. A. NEAL, for plaintiffs in error.

H. S. TANNER, J. W. SHEPHERD, and F. C. VANSELLAR, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiffs in error filed this their bill in chancery against the defendants in error. Answers and replications were filed, and the cause was heard in open court before the chancellor upon oral and documentary testimony, and a decree was entered dismissing the bill. The plaintiffs in error preserved the evidence by means of recitals of findings of fact in the decree and by the incorporation in the decree of copies of the documents produced in evidence, and have sued out this writ of error to reverse the decree on the ground that the chancellor erred in the application of principles of law to the facts as found and recited in the decree, and urge that the application of correct legal principles to the facts so recited in the decree entitled the plaintiffs in error to a decree granting the relief prayed in the bill.

The bill alleged that Firman James, on the 16th day of April, 1891, conveyed to Mary Ann James, his wife, 766 acres of land in Edgar county, Illinois, and afterwards, in November, 1892, conveyed to his said wife 20 acres of other land in the same county; that in June, 1898, said Mary Ann James died, leaving neither child, children or descendants thereof her surviving; that she left a last will and testament, in which she made no bequest or devise whatever to said Firman James, her husband, who survived her, but directed that all of her real estate be converted into money, and that the proceeds be paid to certain of her brothers and sisters; that said Firman James departed this life in June, 1900, leaving a last will, by which he devised and bequeathed to the complainants

and to Thomas James all of his real and personal property, of every nature and kind whatever, in certain proportions, as stated in the will. The bill asked for relief on the theory that as the will of Mary Ann James made no provision whatever for said Firman James her estate was intestate as to him, and that under the Statute of Descent he inherited one-half of the real estate of which she died seized and all of her personal property, she having died leaving neither child, children or descendants thereof her surviving, and that as she made no devise or bequest to him which would put him upon his election whether he would accept such devise or bequest in lieu of dower, he became entitled to be endowed in the lands of which she died seized, and to receive one-third of the personal estate after the payment of all debts, and that such interest so descending to said Firman James, upon his death descended to his heirs-at-law, the complainants in the bill and said Thomas James.

The answers to the bill disclosed that on the same day the said Firman James conveyed the said tracts of land to his wife, Mary Ann, as charged in the bill, both the husband and wife signed and sealed certain separate instruments of writing, which the respondents alleged were executed contemporaneously with the deed and should be considered as forming parts of the deed, in which instruments, respondents averred, the husband waived whatever interest he otherwise would acquire in the said lands conveyed to his wife by the laws of descent, as dower or otherwise, in the event he should survive her, and obligated himself to release and quit-claim all such interest to such persons as would take the same by descent or devise from his wife, as in case his death preceded hers, and that the instrument signed by the wife in like manner released and waived all interest she had or might acquire at the death of her husband, as his surviving wife or widow, by the statutes of descent or the statutes relating to homestead and dower, and obligated

her, in the event she survived her husband, to waive, release and quit-claim all such after-acquired interests to such persons as would, in case her death had preceded her husband's, become entitled to the same.

Upon the hearing the deed and the two instruments before referred to were produced in evidence. The deed was found to be executed and acknowledged by both husband and wife, and contained the following stipulation and agreement: "The grantor hereby reserves the entire use and control of all the above described land for and during his natural life, and it is also agreed between grantor and grantee that above described lands are conveyed to grantee, and received by her as above conveyed, as and for and in lieu of all and whatever interest she would have or acquire, as the surviving wife and widow, in whatever real estate he may own at his death."

The instruments signed by the said husband and wife, respectively, each expressly referred to the deed, and declared that though the consideration named in the deed was $10,000, the real consideration was the agreement of the wife "to release and quit-claim whatever interest she should have or acquire in such lands as" the husband then owned, and, to quote from the instrument signed by the wife, "to waive and release and quit-claim all such interest as aforesaid I may have and acquire as aforesaid in all and any of the real estate my husband now owns, (960 acres,) to such persons, respectively, as will have said lands, and any of them, respectfully, by the laws of decease, or by device or otherwise, from my said husband, that such persons may, respectively, have the title to said lands, or any of them, the same as if my decease had preceded that of my husband." And the agreement of the husband, to quote from the instrument signed by him, was: "In the event of her decease during my own lifetime I shall waive and release whatever interest I would then and in that event acquire in the said lands this day conveyed to her, to such person or persons as

would (otherwise) have the same by descent, conveyance or device, respectively, that said person or persons, respectively, may have the title to said lands the same as if my deceased had preceded hers."

The decree recited, "that in February, 1894, Firman James being desirous of selling a portion of the land still owned by him, executed a contract with one Frank Andrews to sell him 160 acres of the same; that when his wife, Mary Ann James, was called upon to sign her name to the conveyance and thereby release her inchoate right of dower, she refused to sign the same unless $1000 of the purchase money was given her, and that she did not sign the deed until she first received a promise of such $1000 of the purchase money, whereupon she signed the deed to the said Andrews and he purchased such land; that in August, 1894, Firman James contracted with one L. L. Snedeker to sell to him a certain other portion of such land, and that when called upon to sign her name to such deed to Snedeker, and by so doing release her inchoate right of dower therein, the said Mary Ann James refused to sign the same unless she received $1000 of the purchase price, and would not and did not sign such deed until it was then and there agreed by Firman James that she should receive such $1000, and one of the purchase notes for $1000 was then given her, whereupon she signed such deed and Snedeker purchased such land."

The decree, in effect, was, that the plaintiffs in error and the said Thomas James, heirs-at-law of the said Firman James, could inherit no portion of the estate of Mary Ann James because of the execution of the contract to her by her husband, Firman James, on April 16, 1891, and that their bill should be dismissed. Plaintiffs in error urge this decree is erroneous for three reasons, viz.: First, that the agreement and transaction entered into on the 16th day of April, 1891, was not a fair and equitable one; second, that the agreement, at most, was that no interest in the real estate of the wife should be claimed

by or inure to the husband if he survived her, and that as, under the terms of her will, all her property was to be converted into money, her real estate is to be treated as money, and held to descend to her husband in accordance with the statute in such cases provided; third; that the acts of the said Mary Ann James in refusing to join with her husband in the conveyance of a portion of the land retained by him to Frank Andrews, and in the conveyance of another portion to L. L. Snedeker, unless she received $1000 out of the purchase price paid by each of said purchasers, were violations of the contract entered into upon her part and amounted to a repudiation of such contract on her part, and in law and equity released said Firman James and his heirs from fulfillment on their part. We will discuss these points in the order presented by counsel.

*First*—Counsel insist the transaction between the husband and wife, embodied in their respective agreements, was not fair and equitable, for the alleged reason that Mary Ann James had, prior to the execution of the article of agreement, by accepting the deed containing a stipulation, hereinbefore set forth, released all her interest, present and future, to him, and therefore that nothing remained to be released by an agreement; that the stipulation of the deed did not purport to release or affect the present or possible after-acquired interest of the husband in her land, and that there was no consideration for the execution of the instrument of agreement by the husband. The deed and the two instruments of agreement were executed on the same day, between the same parties, referred to the same subject matter, and each instrument expressly referred to the deed, and it is very clear that the deed and the two instruments should be read together as one instrument. (*Wilson* v. *Roots*, 119 Ill. 379.) So considered, there is no ground for the complaint of unfairness or lack of consideration for the undertaking on the part of the husband.

*Second*—The testatrix, Mary Ann James, directed her lands to be sold by her executors for the purpose of paying certain gifts to legatees, and not for the purpose of giving the proceeds of the sale of the lands the quality of personalty to all intents. The conversion was, therefore, for the particular purposes of the will and the benefit of the legatees, and the fund produced by the sale could not be regarded as personalty for the benefit of the husband, as the heir-at-law of the testator. 2 Jarman on Wills, pp. 215, 216.

*Third*—We need not consider whether Firman James might or might not have demanded the cancellation of the agreements between himself and his wife upon the ground that in refusing to join with him in the conveyances of portions of the land retained by him to Andrews and Snedeker, except upon the payment of a consideration for joining in each of said conveyances, she had violated the obligations of the agreement upon her part, and thereby authorized him to insist the obligation upon his part should no longer be effective against him. He did not seek to take such course. Mary Ann James lived nearly four years after these alleged violations of the contract. Notwithstanding the deed reserved to him, during his lifetime, the rents, issues and profits of the land, he voluntarily delivered up possession to her and permitted her to enjoy the use and benefit of the land as her own sole and individual property. Mrs. James conveyed to her brother, Thomas Hanks, 301 acres of the land which her husband had deeded to her, and, though entitled to the rents thereof, the said Firman James acquiesced in such disposition of the lands by his wife. His acts during her entire lifetime were consistent only with the view that he desired the contracts between himself and his wife to remain in full force, and to be enforceable against her, in the event of his death, for the benefit of the persons nearest in degree of blood surviving him. It would be most inequitable to hold he could treat

the contract as subsisting, so that she could not inherit from him in case he died first, and then, upon her death, declare his intention not to abide by the contract and claim a share of her estate. Though he survived his wife, he did not take any steps or indicate any disposition to claim any interest in the property of which she died seized. The chancellor was justified in believing, from the facts disclosed to him by the evidence and recited in the decree, that said Firman James did not desire to insist that the agreements between himself and wife should be regarded as inoperative because of the action of the wife in demanding and receiving a portion of the purchase money paid by Andrews and Snedeker for lands sold by the husband, and in which she had no interest according to the terms of the contracts between them. The heirs-at-law of Firman James could not insist upon a right which he had waived.

The decree must be and is affirmed.

*Decree affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: The only grounds, insisted upon by the plaintiffs in error in their petition for rehearing, related to the question of fact whether the deceased, Firman James, waived his right to take advantage of his wife's alleged breach of the contract between them. We granted a rehearing for the purpose of making a further examination of the record upon this question; and, after having given further consideration to it, we entertain the same views as those expressed in the foregoing opinion. Said opinion is accordingly re-adopted; and it is ordered that the same be re-filed, and that the judgment of affirmance heretofore entered herein be re-entered as the judgment of this court.