(No. 34478.— )

FLOYD W. PURCELL, Appellant, *vs.* ARCHIE WEASEL, *et al.,* Appellees.

*Opinion filed December 18, 1957.*

HENRY G. WALKER, of Carmi, for appellant.

KERN AND PEARCE, of Carmi, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Floyd W. Purcell brought an ejectment action in the circuit court of White County against the children of one Charles N. Weasel, deceased, seeking to establish a one-third interest in an 80-acre tract of land. Trial was had before the court without a jury. A judgment was thereafter entered for defendants; and plaintiff appeals directly to this court, a freehold being involved.

The record discloses that on January 6, 1940, Charles N. Weasel married Lillian Winters. Each had children by a previous marriage. One of his children resented the marriage, and made life so unpleasant for them that they decided to separate. On May 11, 1940, they executed the following agreement:

"WHEREAS, on January 6, 1940 at Henderson, Kentucky the parties hereto were united in marriage;

WHEREAS, Lillian Weasel, herein designated as First Party, desires to live separate and apart from Charles Weasel, herein called Second Party, and to secure a property settlement;

WHEREAS, First Party is advised of her rights in the estate of her husband and is acquainted with the assets of his estate and still desires to enter into such property settlement;

WHEREAS, Second Party is willing to settle the property rights between himself and his said wife;

Now Therefore, in consideration of the payment of $150.00 by Second Party to First Party, receipt thereof being hereby acknowledged, it is agreed by the Parties:

(1) First Party hereby waives, relinquishes and quitclaims unto Second Party all her interest of every kind and character in and to the property of Second Party both real and personal, and hereby waives and releases all rights of inheritance, dower, homestead, and support which she may have in the estate of second party, acquired by reason of said marriage.

(2) Second party hereby waives, relinquishes and quitclaims unto First Party all interest of every kind and character in any property of First Party, both real and personal, and hereby waives and releases all rights of inheritance, dower, homestead or support which he may have acquired in the estate of First Party by reason of said marriage.

(3) It is the purpose and intent of the parties upon the execution of this agreement to have fully settled all present and future rights in the other's estate which may have accrued by reason of said marriage.

(4) First party stipulates that no children have been born to this marriage and none are expected at the date hereof."

A month or two after the agreement was signed the husband purchased a small house in another location, and the parties resumed marital relations. They lived together until his death some thirteen years later. In 1943 he conveyed the house to his wife, Lillian, and at all times supported her. After the husband's death the plaintiff secured a quitclaim deed from her for whatever interest she had in the 80-acre tract, paying her $20 consideration. He then instituted the present action, alleging that the agreement purported to relieve the husband of his obligation to support the wife and was therefore void, and that upon his death the widow acquired by inheritance a one-third interest in the real estate in question.

The plaintiff introduced no evidence in chief. The widow, Lillian Weasel, was called on behalf of the defendants. She testified, over objections by plaintiff, that in 1943, when her husband conveyed the house to her, he said "He would deed me that house and let the children have the farm." The witness testified further that when the plaintiff sought to buy her out she told him her husband "had everything fixed when he died." She signed the quit-

claim deed at plaintiff's request. In rebuttal, the plaintiff testified that Lillian Weasel did not inform him she had no interest in the property, nor did she offer to return the $20 and take back the deed.

We think the record shows the contract to be valid and subsisting, leaving no interest in the widow, through whom the plaintiff claims title. All that Lillian Weasel waived here were her interests in his property and the "rights of inheritance, dower, homestead, and support which she may have" in his estate. Such a release is not illegal or void. (*Stokes* v. *Stokes*, 240 Ill. 330.) That the contract did not contemplate a release of the right of support during his lifetime is evident, also, from the interpretation by the parties themselves. It is not disputed that the husband continued at all times to provide his wife with support. We cannot accept plaintiff's argument, therefore, that the contract was illegal.

Nor does the record show the contract was abrogated by consent when the parties resumed living together. Such an implied intent depends upon the particular circumstances as well as a construction of the agreement as a whole. The present contract was not in consideration of, or conditioned upon, the parties living separate and apart; nor is there anything in its terms to indicate it was to be of no force if they should again live together. (See *Stokes* v. *Stokes*, 240 Ill. 330, 336.) There is no evidence that the wife returned the $150 consideration or that her husband requested its return; and since he died intestate her statement to the plaintiff that the former "had everything fixed when he died" evidences an understanding that the contract had not been revoked. Though she survived him, she took no steps to claim, nor did she indicate any disposition to claim, an interest in the property. (See *James* v. *Hanks*, 202 Ill. 114, 120-121.) The conclusion is amply justified, therefore, that the parties did not regard the contract as inoperative after they resumed relations.

Plaintiff asserts error was committed in admitting Lillian Weasel's testimony relating her husband's statement made at the time of conveying the house to her. It is unnecessary to discuss the contention, since the trial was before the court without a jury, and the remaining evidence is adequate to support the judgment. Under such circumstances it is presumed that only competent evidence was considered, and an error in admitting evidence does not require reversal. *Maton Bros, Inc.* v. *Central Illinois Public Service Co.* 356 Ill. 584; *Weinebrod* v. *Rohdenburg,* 343 Ill. 318.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*