(No. 35704.—

ILLINOIS NATIONAL BANK & TRUST COMPANY OF ROCK-
FORD, as Trustee, Appellee, *vs.* THE COUNTY OF WINNE-
BAGO *et al.,* Appellants.

*Opinion filed May 20, 1960.*

JOHN B. ANDERSON, State's Attorney, and WELSH & WELSH, both of Rockford, (JOHN HOLMSTROM, JR., and KEITH HYZER, of counsel,) for appellants.

BARRICK & JACKSON, of Rockford, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendants appeal from a judgment of the circuit court of Winnebago County declaring void the Winnebago

County zoning ordinance insofar as it prohibits the use of plaintiff's property for shopping center purposes. The trial judge certified that the case involves the constitutionality of the zoning ordinance as applied to the property in question. While there is no certificate that the public interest requires a direct appeal, the case is properly here because a constitutional question is involved. See *La Salle National Bank* v. *County of Cook,* 12 Ill.2d 40.

The action was brought against the county by Illinois National Bank & Trust Co. of Rockford, as trustee; and some nearby property owners were granted leave to intervene as parties defendant. The judgment order, after holding the ordinance unreasonable and void insofar as it prohibits use of plaintiff's property for a shopping center, declared that plaintiff was entitled to erect a shopping center in accordance with its testimony and exhibits, and in accordance with specifications prescribed in the order, including a planting of shrubs and trees on the border so as to provide a "buffer area" around the shopping center. Defendants contend that the evidence fails to prove the ordinance is unrelated to public health, safety, morals and welfare; and that the court erroneously made a zoning classification of its own, thus exceeding its power and substituting its judgment for that of the city council.

The property in question is a 12-acre tract of land located on the northeast corner of the intersection of Alpine Road and Highcrest Road, about one half mile northeast of the Rockford city limits. Alpine Road, which adjoins the property on the west, is a heavily traveled four-lane arterial highway. Highcrest Road and Augustana Drive border the property on the south, and along the east edge is Deley Drive. On the west side of Alpine Road, across from the subject tract, is the Highcrest Shopping Center. Fifteen businesses are located here, including a grocery store, drug store, bakery shop, service station, hardware store and bowling alley. South of the property, across Highcrest

Road and Augustana Drive, are located a church and several residences. Other churches are situated immediately to the east as well as on the north; and to the southeast, diagonally across the intersection, there is a large vacant tract of land. The existing shopping center and all the churches have parking lots. Except for plaintiff's property and the nearby churches the land east of Alpine Road is largely subdivided with homes ranging in value from $15,-000 to $30,000. Further subdivision development is under way north and east but no residences abut the subject property. The tract has a 600-foot frontage on Alpine Road and extends about 920 feet east and west. Its north line is about 130 feet from the nearest lot line of residential properties to the north. The proposed buildings will be 230 feet from the closest residential property to the north and 190 feet from the closest residential property to the south.

The plaintiff's land, as well as the land upon which the adjoining churches are situated, is zoned agricultural. The tract on the northwest corner of the intersection is zoned for local business, and the remaining one-and-one-half miles area surrounding the property is zoned in an "A" residential district. Plaintiff filed a petition seeking a change in classification from agricultural to local business. The zoning board of appeals, after a hearing, recommended to the county board that the change be approved. The county board's committee on zoning, building and planning concurred in this recommendation, but the board did not allow the reclassification. At about the same time as plaintiff's petition was presented, the Highcrest Shopping Center across the highway requested and obtained a rezoning of additional area for expansion of its shopping center.

Each side presented a number of witnesses. Realtors and appraisers called by the plaintiff testified in substance that while homes bordering on the proposed shopping center would be depreciated in value from two to fifteen percent, properties farther away would suffer no depreciation; that

residences in the area more than a half block away would be increased in value because of the convenience in having nearby shopping facilities; that traffic conditions would not be adversely affected; and that the highest and best use of the tract would be for a shopping center. It is not disputed that the value for shopping center or local business purposes would be about twice the value for residential purposes.

An architect and member of the city-county planning commission testified to population growth and other characteristics of the area, including the distances in miles to other shopping centers, and expressed the opinion that additional shopping center facilities are needed. Another member of the planning commission who had made a survey and analysis of the area testified that there were adequate accesses to the site by arterial streets, that the community would be better served by confining business to this intersection rather than by locating it elsewhere in the area, and that he recommended re-zoning of the property with the protection, if possible, of nearby homes lying to the north.

On behalf of defendants several nearby homeowners testified regarding the value of their homes and gave their estimates of depreciation if a shopping center were constructed on the tract. Three realtors and appraisers called by defendants testified that surrounding residential values would be depreciated, the amounts ranging from five to thirty percent depending upon proximity to the center, that a traffic hazard would be created because of the existing shopping center across the street, that the existing center was adequate to serve the area, and that the highest and best use of the property was for residential purposes.

To sustain the position that the ordinance was not shown to be unreasonable defendants urge that the existing shopping facilities across the arterial highway are adequate for the needs of the area; that the area is pre-

dominantly residential in character; that nearby properties would suffer a diminution in value; and that the proposed enterprise would increase traffic in the residential sections leading to plaintiff's property. Familiar rules are invoked that a zoning classification is presumed to be valid and should be disturbed only if clear and convincing evidence shows it to be arbitrary, unreasonable, or discriminatory; that an ordinance should be upheld if its reasonableness is fairly debatable; that the fact that the property would be more valuable if zoned for other uses is not decisive; that persons who have bought property in a district under a general zoning ordinance have a right to rely upon the rule that the classification will not be changed unless the change is required for the public good; and that the fixing of boundary lines, unless arbitrary or capricious, is a matter of legislative judgment which courts will respect. Plaintiff bases its claim of unreasonableness largely upon the facts that a shopping center having fifteen businesses is located across the highway; that the subject property is situated at a busy intersection; that its present classification permits many non-residential uses; that the property immediately surrounding it is zoned for non-residential purposes except five or six houses across the street and to the southeast; and that Alpine Road is already a main thoroughfare with a large volume of traffic.

The applicable rules of law have so often been stated that it is unnecessary to repeat them at length here. A zoning classification will be upheld if it bears any substantial relation to public health, safety, comfort, morals and welfare. (*Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596.) The presumption of validity is overcome, however, where the evidence shows a destruction of property value in the application of the ordinance and an absence of any reasonable basis in public welfare requiring the restriction and the resulting loss. (*First National Bank and Trust Co.* v. *County of Cook,* 15 Ill.2d 26.) In determining the validity

of a given zoning restriction consideration is given to the character of the neighborhood, the existing uses and zoning of nearby property, the amount by which property values are decreased, the extent to which this diminution of value promotes the health, safety, morals or general welfare of the public, the relative gain to the public as compared to the hardship imposed on the individual property owner, the suitability of the subject property for the purpose for which it is zoned, and other relevant factors. (*Myers* v. *City of Elmhurst*, 12 Ill.2d 537.) No one factor is controlling, and each case must necessarily be considered on its own particular facts and circumstances. *La Salle National Bank* v. *County of Cook*, 12 Ill.2d 40.

In the case at bar the evidence shows that the restriction substantially diminishes the value of plaintiff's property, and defendants do not argue the contrary. They insist, however, that there is a reasonable basis in public welfare because nearby residential properties would suffer a loss in value from the presence of the proposed shopping center, and there would be increased traffic with attendant danger to residents of the area. While the testimony indicates there would be some depreciation in the value of neighboring property, it also appears that the presence of adjoining churches has already resulted in some decrease in value, and defendants introduced no evidence of the actual dollar amount of additional depreciation which would result from the shopping center. An appraiser testified for the plaintiff that the overall effect by increasing the value of other homes would outweigh the depreciation to residences immediately surrounding the shopping center. Moreover, consideration should also be given to the fact that the property in question, unlike the situation in cases relied upon by the defendants, is not presently restricted to a residential classification. It is zoned in an agricultural district, wherein property may be used for animal farms, cemeteries, gun clubs, dumps, sand and gravel pit operations, private picnic grounds in-

cluding business facilities, golf driving range tees, fair grounds, exhibition buildings, etc. Any adverse effect which a shopping center would have upon the values of adjoining properties would also be present, in some degree at least, if the property were devoted to uses permitted under the present zoning.

As in the case of surrounding property values and the question of highest and best use, evidence on the matter of traffic congestion is conflicting. It appears that the proposed shopping center contemplates two curb cuts on Alpine Road, two on Delcy Drive lying on the east perimeter of plaintiff's property, and two on Highcrest Road lying along the south line. There is testimony on defendants' behalf that a new shopping center at this intersection would create a major traffic hazard because of the existing center across the street. Defendants argue that there will be danger from traffic on the residential streets lying north, east and south of the tract in question. Testimony on plaintiff's behalf indicates that most cars would travel on Alpine Road and that there would be little increase in traffic on the other streets. Alpine Road is a four-lane highway with a traffic count of 10,500 vehicles per day. It is reasonable to say that most of the traffic increase would be on Alpine Road, and that in view of the present volume of traffic thereon the increase would not substantially affect public safety. The trial judge, who inspected the area surrounding the property in question, without objection by the parties, concluded in his memorandum opinion that there would not be sufficient increase in traffic on the inside streets to create any problem, and we think such conclusion finds support in the record.

Under the facts and circumstances in this case we think the presence of fifteen businesses across the highway establishes the character of the intersection (Cf. *Kovack* v. *Village of La Grange Park*, 18 Ill.2d 233; *Krom* v. *City of Elmhurst*, 8 Ill.2d 104; *Northern Trust Co.* v. *City of Chicago*, 4 Ill.2d 432, 438) ; that the gain to the public resulting

from the restriction is small when compared with the hardship imposed upon the plaintiff, and that the evidence of some adverse effect of the shopping center upon adjoining residence property does not require a finding of reasonableness. As we said in *Bauske* v. *City of Des Plaines,* 13 Ill.2d 169, "Mere conflict in testimony as to the highest and best use of property, the impact of the proposed land use on the areas involved or its effect upon property values, does not make irrebuttable the presumption that an ordinance is valid." Where the evidence shows a destruction of property value by application of an ordinance the legislation may be justified only if it substantially promotes the public health, safety, morals, or general welfare. (*First National Bank and Trust Co.* v. *County of Cook,* 15 Ill.2d 26; *Myers* v. *City of Elmhurst,* 12 Ill.2d 537.) After examining the record we think the trial court did not err in concluding that no such justification was shown. While the determination of a trial court is always subject to review, its findings should not be disturbed unless they are against the manifest weight of the evidence. In this case the testimony was conflicting on the extent to which traffic hazards and the values of neighboring properties would be affected by the proposed shopping center. Whether such effect was shown to be sufficiently substantial to sustain the ordinance depended largely upon the credibility to be accorded the witnesses and their opinions. Under these circumstances the position of the trier of facts is superior to that of a reviewing court. (*La Salle National Bank* v. *County of Cook,* 12 Ill.2d 40.) The decision that the ordinance is unreasonable and void in its present application is sufficiently sustained by the evidence.

There remains for consideration defendants' contention that by its judgment order the circuit court erroneously attempted to modify or amend the ordinance. It is argued that the declaratory judgment specifies the particular use to which the property may be put, and constitutes an unlaw-

ful exercise of legislative powers. At the trial the plaintiff, over general objections, also introduced testimony and exhibits describing in detail the proposed shopping center, and in its judgment order the court declared that the ordinance as applied to the subject property is void "insofar as it prohibits the use of said property for shopping center purposes." In substance the order declares the ordinance void only to the extent that it prohibits use of the property for a shopping center, and the question is whether such a finding of partial invalidity amounts to a zoning classification.

We are of the opinion that the judgment order was correct in setting aside the zoning ordinance only to the extent necessary to permit the specific use that the plaintiff proposed. The basic considerations that have moved us to this conclusion are set forth in *Sinclair Pipe Line Co.* v. *Village of Richton Park*, 19 Ill.2d 370, and we find it unnecessary to repeat them here.

The court included in its order that the shopping center to be erected upon the subject property shall be constructed *substantially* in accordance with the testimony and exhibits of plaintiff and then proceeded to state at length the specifications and characteristics with which the shopping center was to conform. To this latter order defendants make no contention in their brief. Furthermore, the plaintiffs have shaped this order by their proof and the court's order in this respect is proper.

The court also included in its order that the defendant county shall cause, through its zoning and building officer, Roy Gustafson, or other proper official, to forthwith issue the necessary building permit or permits for the construction of said shopping center. Plaintiff has not alleged in its complaint that it had requested the issuance of building permits nor was any proof adduced by plaintiff to that effect. It was therefore premature for the court to direct their issuance. Only in this respect is the judgment reversed.

It follows that the judgment of the circuit court must

be reversed and the cause remanded with directions to enter a judgment order in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*