De Bruler Homes, Inc., an Illinois Corporation, Plaintiff-Appellant, v. County of Lake, a Body Politic Organized Under the Laws of the State of Illinois, Defendant-Appellee.

Gen. No. 65–138.

Second District.

December 29, 1966.

Rehearing denied January 18, 1967.

George B. Collins, of Chicago, for appellant.

Bruno W. Stanczak, State's Attorney, of Waukegan, and Earl Joseph Kruse, Assistant State's Attorney, for appellee.

MR. JUSTICE RATHJE delivered the opinion of the court.

Plaintiff-appellant, De Bruler Homes, Inc., an Illinois corporation, brings this appeal from an order finding the Amended Zoning Ordinance of Lake County valid and dismissing its complaint for declaratory judgment for want of equity. Said complaint prayed that the defendant and its employees be enjoined from enforcing the said Amended Zoning Ordinance against the plaintiff's property and

that the said zoning ordinance be declared unconstitutional and void insofar as it prohibits the subdivision of plaintiff's property into lots having less than 10,000 square feet in area.

On February 15, 1961, the plaintiff purchased 5.30 acres lying at the Southwest corner of a 40-acre tract located on the South side of Gages Lake Road in the unincorporated area of Lake County; the contract for sale gave it an option to purchase the remainder by February, 1968. For the purpose of this opinion, the 5.30 acres owned in fee by the plaintiff shall be referred to as the "subject property," and the remaining portion of the 40 acre tract on which the plaintiff holds an option shall be referred to as the "remainder." A diagram of subject property and that related thereto is as follows:

Gages Lake Road

Remainder 34.70 acres

Wildwood Subdivision

5.30 acres

Subject Prop.

The subject property and the remainder are used essentially for farming, and both are zoned "F" under the defendant's amended zoning ordinance which classification permits single-family residences with a minimum

lot size of 40,000 square feet. The plaintiff filed this suit seeking to declare that portion of the Lake County Amended Zoning Ordinance prescribing a minimum residential lot size of 10,000 square feet unconstitutional and void without first applying for a more intensive residential zoning of the subject property and remainder. A motion to dismiss was filed by the defendant and no action was taken while the plaintiff petitioned the Zoning Board of Appeals and the Board of Supervisors of Lake County for a residential zoning classification with a minimum lot requirement of 8,000 square feet. The Zoning Board of Appeals recommended reducing the minimum lot size of residential property to 8,400 square feet but apparently no action was taken by the Board of Supervisors on plaintiff's application and therefore we assume, for the purpose of this opinion, that the said application was rejected and plaintiff's administrative remedies have been exhausted.

To the west of the subject property and the remainder is the Wildwood Subdivision comprising a development having lot sizes of eight, nine and ten thousand square feet, the latter of which abuts the subject property. There are many vacant lots in this subdivision although the evidence does not reveal whether these lots were owned by the developer or by individual property owners. Recently the Gages Lake Sanitary District was established; it serves Wildwood with a main sewer line running from the subdivision diagonally across part of the subject property and a portion of the remainder to a disposal plant located to the east. Immediately to the east of the remainder is the Woodland Junior High School and to the north of this school, across Gages Lake Road, is an elementary school. The remaining area surrounding the subject property and the remainder is essentially rural and used for farming purposes.

Under the defendant's zoning ordinance, seven single-family residential districts have been established, the most intensive providing for an area of ten thousand square feet. Under this classification, the subject property and the remainder could be subdivided into 123 residential lots. Plaintiff seeks to subdivide the subject property and the remainder into 166 lots having a minimum lot size of 8,000 square feet. Upon each lot it would construct a $14,000 to $16,000 home, and the subdivision would be improved with paved streets, paved sidewalks, sewer and water facilities.

Plaintiff contends that the subject property and the remainder are not suitable for the most intensive permitted residential use under the defendant's zoning ordinance; that the highest and best use of the subject property would be for single-family residence lots of 8,000 square feet; that the savings on the smaller lot size could be used for a higher quality home; that the minimum lot requirement of 10,000 square feet as found in defendant's zoning ordinance fails to bear any substantial relation to the public health, safety, comfort, morals or general welfare; and that the plaintiff has exhausted its administrative remedies.

The proofs of the plaintiff and the defendant, and the memorandum opinion of the trial court considered that the issue presented was the validity of the minimum lot size requirement of the Amended Zoning Ordinance of Lake County as applied to the entire 40-acre tract. The testimony at the trial established that the present minimum lot size of 40,000 square feet for residential development was not economically feasible; that the highest and best use would be for residential purposes; and that the 40-acre tract could be subdivided into lots of either eight or ten thousand square feet.

The evidence for the plaintiff was to the effect that the highest and best use would be a residential subdivision containing lots of 8,000 square feet and that it would have no adverse effect upon the general health, safety or welfare. A witness for the plaintiff stated that the difference in profit between the two-lot size requirements would be approximately $66,000. On cross-examination, he stated the only hardship to the plaintiff by being required to subdivide the subject property and the remainder into 10,000 square foot lots would be a loss of profits. He stated the fair market value for the subject property and the remainder with 8,000 square foot lots would be $120,-000, and $60,000 if divided into 10,000 square foot lots.

The evidence for the defendant was that there were several subdivisions in the area with lots of 8,000 square feet or less, which have not been improved; that lots having a minimum lot size less than 10,000 square feet would diminish the utility and value of the lot; that the highest and best use of the subject property and the remainder would not be 8,000 square feet per lot; and that the fair market value of the subject property and the remainder, if divided into 10,000 square foot lots, would be $120,000.

Subsequent to the enactment of the Amended Zoning Ordinance, the defendant inventoried the existing uses and the physical characteristics of the land in the unincorporated area of the County. The Regional Lake County Planning Director concluded that on the basis of this inventory and from forecast of future land needs that the 40-acre tract was an area most appropriate for residential development under the existing zoning ordinance.

As stated by the trial court, the question is not the power of the defendant to prescribe lot area restrictions but rather the exercise of that power as applied to subject property and the remainder. The County Zoning Act,

(Ill Rev Stats 1965, c 34, par 3151), provides that for the purpose of promoting the public health, safety, morals, comfort and general welfare, the Board of Supervisors have the power to divide the unincorporated areas of the county into districts of such number, shape, area and intensity of use as may be deemed best suited to carry out the purposes of this Act.

 Zoning regulations are not to be formulated or applied with a design to encourage the most appropriate use of plaintiff's property but rather are drafted to effectuate the purpose of the County Zoning Act—that of encouraging the most appropriate use of land throughout the county. One who challenges the validity of a zoning ordinance must prove by clear and convincing evidence that it is, as applied to him, arbitrary and unreasonable and without substantial relation to the public health, safety or welfare. Cities Service Oil Co. v. Lake County, 26 Ill2d 176, 181, 186 NE2d 265 (1962); First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 225, 130 NE2d 267 (1955). There is a presumption that the ordinance bears a reasonable relation to the public health, safety or welfare. Exchange Nat. Bank of Chicago v. City of Chicago, 28 Ill2d 341, 345, 192 NE2d 343 (1963). Where the record presents a fairly debatable question as to the reasonableness of an ordinance, the question must be resolved in favor of the determination of the zoning agency in absence of a clear abuse of such power. Rams-Head Co. v. City of Des Plaines, 9 Ill2d 326, 334, 137 NE2d 259 (1956). In considering the validity of a given zoning ordinance, each case must be decided on its own facts. Trust Co. of Chicago v. City of Chicago, 408 Ill 91, 99, 96 NE2d 499 (1951); Galt v. County of Cook, 405 Ill 396, 403, 404, 91 NE2d 395 (1950).

The Supreme Court of this state has approved minimum lot area restrictions. In Galpin v. Village of River Forest,

26 Ill2d 515, 187 NE2d 233 (1962), the Supreme Court sustained a minimum lot area of one-fifth of an acre for a single-family residence, although a real estate broker and a real estate appraiser testified that there would be an economic loss to the owner of between $9,000 and $10,000, and that there were some homes in the immediate area which were built upon lots containing less than one-fifth of an acre. In Honeck v. Cook County, 12 Ill2d 257, 146 NE2d 35 (1957), a five-acre minimum lot area in a residential zone was upheld where evidence was introduced that the highest and best use of the property was for residential tracts of one acre or less; that the property would be more valuable if zoned for one-acre tracts; and that there was no ready market for five-acre tracts in the vicinity. In upholding a minimum of one-fifth of an acre requirement in Reitman v. Village of River Forest, 9 Ill2d 448, 137 NE2d 801 (1962), many cases from other jurisdictions were cited where minimum lot requirements had been sustained.

The record has been carefully reviewed in light of the relevant principles enunciated in the above-mentioned cases. We do not believe that the evidence clearly shows that the restriction under consideration is unreasonable under the circumstances of this case and we do not believe that this court would be warranted in disturbing the findings of the trial judge who saw and heard the witnesses. In this light, plaintiff's evidence, at best, shows that it would be more profitable to use its property in a manner prohibited by the ordinance. The plaintiff admitted that it could develop its property with a 10,000 square foot lot size requirement and that the only hardship would be of an economic nature. Any financial disadvantage that may result to the plaintiff is a self-created one since it purchased the property with full knowledge of the applicable zoning restrictions. If we assume, as plaintiff argues, that the 10,000 square foot lot restriction

184

prevents the construction of high quality housing for people of modest means, yet the defendant introduced evidence that there were several subdivisions in the area with smaller lot sizes which have remained vacant. Such testimony would negate the need of lots of 8,000 square feet.

As noted above, the entire evidence in this case was directed toward the validity of the zoning ordinance in question as applied to the 40-acre tract. In view of our determination of the case, we need not pass on the question of the right of the plaintiff to have said ordinance declared unconstitutional as to the remainder acreage.

We conclude that the testimony in the instant case does not show such arbitrary or capricious action on the part of the legislative body as to indicate an unconstitutional exercise of its zoning function. The legislative body charged with responsibility for prescribing the minimum lot size requirements for residential purposes has considered this problem and denied the application for change. This action, in turn, has been sustained by the trial judge who saw and heard the witnesses. There is nothing in the record which would compel us to substitute our judgment for that of the legislative body whose action has been sustained by the trial court.

The judgment of the Circuit Court of Lake County is therefore affirmed.

Judgment affirmed.

ABRAHAMSON and DAVIS, JJ., concur.