**Walter C. Padgett and Mildred Padgett, Plaintiffs-Appellants, v. City of Oakbrook Terrace, Defendant-Appellee.**

**Gen. No. 67–66.**

Second District.

November 29, 1967.

Paul T. Kalinich, of Glen Ellyn, for appellant.

Thomas F. Pierce, of Chicago, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Plaintiffs, Walter C. Padgett and Mildred Padgett, brought this declaratory judgment action against the City of Oakbrook Terrace, praying that the City's zoning ordinance be declared null and void as applied to their property. The trial court entered a judgment in favor of the defendant, from which the plaintiffs have appealed.

The plaintiffs' land, consisting of six lots totalling approximately 130,000 square feet, is situated on the southeast border of the defendant City. The present zoning applicable to the land is single-family residence, and plaintiffs' tentative desire is to use the property as a shopping center—consisting of a drugstore, a supermarket, an automotive center and a furniture store.

The defendant City is presently about one square mile in area. It was incorporated in 1957 and the present zoning ordinances were adopted in 1958. Virtually all of the land in the City was zoned for single-family residential use. There have been but few zoning changes: a limited number of commercial uses having been permitted along Roosevelt Road, approximately one-half mile from the subject property.

Plaintiffs' property is on the west side of Route 83, a limited access heavily-traveled highway. A number of trees along the west side of the highway, and between the edge of the highway and the utility poles, provide somewhat of a barrier or screen between the highway and the remainder of plaintiffs' property. Across the highway, to the east, is Oakbrook Shopping Center—a large shopping center situated in the Village of Oakbrook. Immediately to the south of plaintiffs' property is a public park, and both to the west and north are single-family residences.

The plaintiff, Walter C. Padgett, and four witnesses testified on behalf of the plaintiffs. The witnesses, other than Padgett, were representatives of the proposed drugstore, automotive center, supermarket and furniture store. They testified generally as to the nature of their respective operations and their belief that their several business operations would not substantially affect the value of the single-family residences to the north and west.

The plaintiff testified as to the surrounding land use characteristics and the use of the land beyond that immediately surrounding the plaintiffs' property. He stated that the lots in question were zoned "residential" when purchased by the plaintiffs. He further testified that the present value of this land was about $20,000 and that if rezoned, he "thought" it would be worth $300,000. He based his value conclusion on the premise that he would "expect" that the businesses he proposed to have occupy

the land would pay rentals of from $30,000 to $50,000 per year; and that he would capitalize this over 10 years. From the record, it is not clear just how the plaintiff arrived at these various figures. He also stated that he would have to construct two buildings at a cost of $600,000 to $900,000 and provide sewer and water facilities.

The defendant's zoning ordinance is presumed to be valid, and the plaintiffs assumed the burden of establishing that it was unreasonable and oppressive as applied to their land. Camboni's, Inc. v. Du Page County, 26 Ill2d 427, 432, 187 NE2d 212 (1963); First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 225, 130 NE2d 267 (1955); Fiore v. City of Highland Park, 76 Ill App2d 62, 71, 221 NE2d 323 (1966). To be valid, a zoning classification must bear a substantial relation to the public health, safety, comfort, morals or general welfare. Marquette Nat. Bank v. County of Cook, 24 Ill2d 497, 501, 502, 182 NE2d 147 (1962); First Nat. Bank v. County of Cook, 15 Ill2d 26, 31, 153 NE2d 545 (1958); Mutz v. Village of Villa Park, 83 Ill App2d 1, 9, 226 NE2d 644 (1967). To overcome the presumption of validity, however, plaintiffs must establish by clear and convincing evidence that the ordinance is unreasonable and unrelated to public health, safety or welfare. Bennett v. City of Chicago, 24 Ill2d 270, 273, 274, 181 NE2d 96 (1962); Hoffmann v. City of Waukegan, 51 Ill App2d 241, 244, 201 NE2d 177 (1964).

Plaintiffs cite the Hoffmann case, supra, as authority for the proposition that the trial court should be reversed. As is often true in zoning cases, the same case is cited by the defendant for the proposition that the trial court must be affirmed. In Hoffmann, at page 244, the court referred to the numerous basic factors to be considered in determining the validity of a zoning ordinance as applied to particular property. No one of the factors is determinative, particularly the fact that

247

plaintiffs' land might be worth more if rezoned. Hoffmann v. City of Waukegan, supra, 245. The validity of a particular zoning ordinance must be decided in each case on the sum total of the attendant facts of the particular case. Mutz v. Village of Villa Park, supra, 9; DeBruler Homes v. County of Lake, 78 Ill App2d 177, 183, 222 NE2d 689 (1967).

The best that can be said of plaintiffs' evidence is that it appears that their land would be substantially more valuable if rezoned, and that the absence of commercial zoning within the defendant City might indicate a need for such development within the community. Plaintiffs' proof as to respective values appears somewhat conjectural. Also, we do not find convincing the supposition by plaintiffs' witnesses that the development proposed by plaintiffs would have no substantial effect on the surrounding single-family residences. While the absence of commercial development may indicate a need for such use, it also indicates the residential characteristic of the community and the apparent desire of the City and its residents to retain this attribute.

Plaintiffs' photograph exhibits illustrate that the nearest commercial development is limited to the east side of Route 83, in another community. As we have often noted, and as we have said with reference to the same Route 83 at a different location (Mutz v. Village of Villa Park, supra, 9, 10), zoning must begin and end somewhere. A highway, such as Route 83, may serve as a proper demarcation between residential and business uses. In addition, along the west side of this highway and between it and the adjacent utility lines, is an area in which there are trees. Such screen further tends to serve as a buffer.

The land immediately to the south of plaintiffs' land is a public park area: to the north and west are single-family residences. While the park apparently has not had sufficient land fill or development for substantial use

248

as a park, such a use would not be incompatible with residential development. The remaining land, west of Route 83, further confirms the residential characteristic of this area.

██ ██ It does not appear to us that the quantity or quality of plaintiffs' proof was sufficient to overcome the presumption of the validity of the ordinance. Under the evidence, the trial court was warranted in finding that the ordinance was not unreasonable or oppressive as applied to plaintiffs' property. Within these limits, the fixing of zoning lines is a matter of legislative discretion.

 Plaintiffs referred to other attempts at commercial development within the City. These were unsuccessful, however, and have little bearing on our determination. The trial court apparently felt that such matters should be given little or no weight. The same can be said for the evidence introduced by the defendant indicating that there are private covenants—created some years ago—restricting the use of the land to single-family residences. Such private restrictions, particularly when imposed long prior to the date in question, can have little or no value in the determination called for by the court in a zoning dispute. Even if we were to assume, however, that the admission of such evidence was erroneous, there was sufficient competent evidence to support the judgment. This case was tried before the court without a jury. Consequently, it is presumed that only the competent evidence was considered, and if there was sufficient competent evidence to sustain the judgment, any error in admitting incompetent evidence is regarded as harmless. McFail v. Braden, 19 Ill2d 108, 120, 121, 166 NE2d 46 (1960) ; Purcell v. Weasel, 12 Ill2d 356, 360, 146 NE2d 580 (1957).

Under the circumstances of this case, the plaintiffs have failed to overcome the presumption of validity of the ordinance and have failed to establish by clear and convincing evidence that it was unreasonable and un-

related to the public, health, safety or welfare. Therefore, the judgment will be affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.