ILLINOIS NATIONAL BANK & TRUST CO. OF ROCKFORD, Plaintiff-Appellee, *v.* THE CITY OF ROCKFORD, Defendant-Appellant.

(No. 72-48; )

Second District—April 24, 1973.

William E. Collins, Legal Director, and A. Curtis Washburn, Assistant City Attorney, both of Rockford, for appellant.

Reno, Zahm, Folgate, Skolrood, Lindberg, & Powell, of Rockford, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The plaintiff brought this declaratory judgment suit against the city of Rockford praying that the zoning ordinance of the city of Rockford be declared null and void as applied to the property of the plaintiff.

The plaintiff's property consists of thirteen undeveloped acres located at the northwest corner of the intersection of Riverside Blvd. and North Main Street in Rockford. The property has a frontage of 600 feet on Riverside Blvd. and 1350 feet on north Main Street. The present zoning for this corner is single family "A" residential and plaintiff seeks to have it rezoned to the Local Business district classification of the Rockford zoning ordinance, to allow the erection and use of a Woolco Sales and Service Facility (described as a retail department store) on the subject property.

The trial court found in substance that the zoning ordinance as applied to plaintiff's property was unconstitutional and void, and entered an order to that effect containing detailed limitations upon the construction of the proposed building on said premises together with the parking area, landscaping, and fencing. The city of Rockford has appealed.

The defendant has raised but one contention and that is that the court should not substitute its judgment for that of the municipal authority exercising its discretionary legislative power as to zoning classifications.

■■■ At the outset, we have two fundamental and in some ways overlapping legal concepts to be considered. The first is that a zoning classification is presumed to be valid and will be disturbed only if the evidence is clear and it is affirmatively shown that the zoning ordinance as applied to the subject property is arbitrary or unreasonable. (*Hartung v. Village of Skokie* (1961), 22 Ill.2d 485, 177 N.E.2d 328.) On the other hand, it has repeatedly been said that a reviewing court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. *Illinois National Bank & Trust Co. v. County of Winnebago* (1960), 19 Ill.2d 487, 167 N.E.2d 401. *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill.2d 352, 226 N.E.2d 624.

In the instant case, those two propositions confront us. The east side of North Main Street at this intersection is zoned and used commercially for local business. The local business extends along Riverside Blvd. to the east and from Main Street. The southeast quardant of this intersection extends to the east to encompass an area known as North Towne, a fairly large local business shopping center. It further appears that the east side of Main Street is rather uniformly developed for business.

In 1967 the city of Rockford adopted a general or comprehensive plan for the development of the zoning districts. In this plan the east side of North Main Street was designated as single family residential. The plan further encompassed the use indicated above of the southeast quadrant of this intersection as a shopping center.

The Plaintiff made application to the Zoning Board of Appeals of the city of Rockford for zoning re-classification of the area in question, which was denied.

The expert witness for the Plaintiff, Clyde W. Forrest, Jr., Associate Professor of Urban and Regional Planning of the University of Illinois, and an attorney, testified that the subject premises were wholly unsuited for residential development, and were in addition thereto, unsuited for multiple family use. He further testified that the subject premiess were in fact suitable for local business. The substance of his testimony was

that a cluster type development at this intersection was proper, and that there was no reason to treat North Main Street as a dividing line between business and undeveloped property on the east side of North Main Street. It is specifically noted that there are no buildings, residential or otherwise, on the east side of Main Street in the vicinity of this intersection. On the other hand, the expert witness for the city of Rockford, Dean Clark, Executive Director of the City-County Planning Commission of Rockford, Winnebago County, with a degree in regional planning from the University of North Carolina, testified that the comprehensive plan of the city of Rockford encompassed the general thought that North Main Street would be a line of demarcation between business and residential, and that everything west of North Main Street would be generally residential. Mr. Clark further testified that prior applications for zoning variations on the west side of Main Street had been denied. The substance of Mr. Clark's testimony was that the property in question should remain residential in nature.

In *Krom v. City of Elmhurst* (1956), 8 Ill.2d 104, 133 N.E.2d 1, the court stated at page 107:

> "The question of whether a zoning ordinance is arbitrary, unreasonable and capricious in its application to a given parcel of land, or whether it is reasonable and bears a substantial relation to the public welfare, is subject to review by the courts and, of necessity, each case must be decided upon its own particular facts. Chief among the factors to be given consideration are the use and zoning of nearby property, the character of the neighborhood, the extent property values are diminished, and the relative gain to the public as compared to the hardship imposed upon the owner. Since there is a presumption of validity in favor of a zoning ordinance adopted pursuant to a legislative grant, the one assailing its validity has the burden of proof that the ordinance is invalid or unreasonable and confiscatory as to his property. If it appears from all the facts that there is room for a difference of opinion concerning the reasonableness of a classification, the legislative judgment of the city council must be conclusive. For further exposition of these established principles see: [citations]."

The court went on to hold that the residential zoning ordinance of the city of Elmhurst as applied to the property in question was unconstitutional and void.

In *Padgett v. City of Oakbrook Terrace* (1967), 89 Ill.App.2d 244, 231 N.E.2d 466, the plaintiff sought to rezone property located west of route 83 across from the Oakbrook Shopping center. He contended that the

zoning ordinance of the village of Oakbrook Terrace was void and unconstitutional as applied to his premises. In holding the zoning constitutional as it applied to petitioner's property we stated at page 248:

"* * * As we have often noted, and as we have said with reference to the same Route 83 at a different location [citation], zoning must begin and end somewhere. A highway, such as Route 83, may serve as a proper demarcation between residential and business uses. In addition, along the west side of this highway and between it and the adjacent utility lines, is an area in which there are trees. Such screen further tends to serve as a buffer."

There is no question but that a main traveled thoroughfare may be a proper line of demarcation. In *Padgett* the premises of the petitioner were located in a developed single family residential area across a wide divided thoroughfare. In the case before us it appears that the land on the west side of Main Street, both north and south of Riverside Blvd. is not developed as residential, but is vacant and unimproved. As further stated in *Padgett, supra:*

"* * * To be valid, a zoning classification must bear a substantial relation to the public health, safety, comfort, morals or general welfare. [Citations.] To overcome the presumption of validity, however, plaintiffs must establish by clear and convincing evidence that the ordinance is unreasonable and unrelated to public health, safety or welfare." 89 Ill.App.2d at 247.

■■ In the case before us we cannot find that the holding of the trial court herein is manifestly against the weight of the evidence. We will not substitute therefore our judgment for that of the trial court. While it is true that the zoning ordinance is presumed valid, we do not find that the residential zoning classification of this undeveloped thirteen acre parcel of land located at a busy intersection is reasonable nor has it any relation to the public health, safety or welfare. We therefore affirm the judgment of the trial court.

Affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.