(No. 34109.—

STANLEY J. WILLIAMS *et al.,* Appellees, *vs.* THE VILLAGE OF SCHILLER PARK, Appellant.

*Opinion filed November 26, 1956.*

KENNETH G. MEYER, of Des Plaines, (MARSHALL S. HOWARD, of counsel,) for appellant.

SAMUEL T. LAWTON, JR., of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The village of Schiller Park appeals from a judgment of the circuit court of Cook County declaring a village zoning ordinance unconstitutional and void in its application to the plaintiffs' property.

The property, zoned residential, is a vacant four-acre tract, roughly rectangular in shape, which the plaintiffs wish to devote to light industrial uses.

Adjoining the property on the east and north is a residential area containing 15 blocks of single-family dwellings. But on the south is a tract used for light industrial purposes, and to the west is a railroad switching yard.

In arguing against the residential classification, the plaintiffs stress the following: the proximity to the industrial areas on the south and west, the substantial depreciation in market value caused by the restricted classification (estimated at $60,000 by their expert witness,) and the undesirability of residences located near a railroad switching yard.

The village, on the other hand, emphasizes the extensive residential development on the east and north (containing 245 homes,) and also relies upon evidence showing that single-family residences could profitably be located on the subject property, that nearby houses would suffer a market loss were the residential classification removed from that property, and that the only means of access to the property in question is through the residential area, it being

the opinion of expert witnesses for the village that the utilization of the property for light industrial uses would increase traffic hazards in the residential area.

As appears from the foregoing, there are factors which point in each direction. This court will therefore uphold the ordinance. For if there is room for fair difference of opinion concerning the reasonableness of a zoning classification, the legislative judgment of the municipal authorities should be respected. (*Herzog Building Corp.* v. *City of Des Plaines*, 3 Ill.2d 206; *Miller Bros. Lumber Co.* v. *City of Chicago*, 414 Ill. 162.) "It is axiomatic that zoning must begin somewhere and end somewhere," (*DeBartolo* v. *Village of Oak Park*, 396 Ill. 404, 411;) so, even though property touches on industrially zoned areas, a residential classification is not thereby necessarily precluded. Because of the large residential area adjoining the instant property, the fact that the only means of access to the property is through that area, the evidence of loss in market value likely to result to nearby residences from the requested classification change, and the feasibility of using the property for residential purposes, we cannot say the village acted unreasonably in drawing the line where it did.

Finally, the plaintiffs question whether the village complied with statutory requirements in zoning this property. They point out that the area was originally zoned residential by a general ordinance which provided that all land annexed to the village was to be residential until differently classified by amendment. They insist that the classification was imposed without notice and hearing as required by statute. (Ill. Rev. Stat. 1955, chap. 24, pars. 73—2, 73—8.) But even if it be assumed they are correct in this contention, all doubt was removed by a subsequent ordinance specifically made applicable to the subject property and passed after proper notice and a public hearing. And that this action by the village was prompted by a request of the plaintiffs for a reclassification, which request was with-

drawn before final action taken, does not detract from the validity of the ordinance. For there is nothing in the statute which requires the public hearing to be on petition of the property owner. It is sufficient that notice be published and a public hearing be held granting to all interested persons an opportunity to be heard.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*