**Samuel Papanek, Jr., et al., Appellees, v. John Rayniak, et al., Appellants.**

**Gen. No. 47,509.**

First District, Third Division.

October 14, 1959.

Released for publication November 12, 1959.

Willard S. Olson, of Chicago, for appellants.

Samuel T. Lawton, Jr., of Chicago, for appellees.

PER CURIAM.

Plaintiffs brought an administrative review proceeding to reverse a decision of the zoning board of appeals of the Village of Schiller Park denying a petition for variation sought to expand an existing trailer-park on property owned by plaintiffs and presently classified as "A"—Single Family Residence District under the zoning ordinance of the village. The Circuit Court found that the zoning ordinance, as it pertained to trailer-park uses, was void, and reversed the decision of the zoning board. Defendants appeal.

It appears that plaintiffs own a tract of vacant land measuring 363 feet from north to south, and approximately 1395 feet from east to west, fronting on the Des Plaines River Road, and lying adjacent along its depth to Lawrence Avenue. To the north of this property is the O'Hare Industrial District; to the south is unincorporated property within the County of Cook; to the east is a Forest Preserve District of Cook County; the area west of the trailer-park site was zoned

for farming under the Cook County zoning ordinance, and is zoned as a Residential District under the Schiller Park zoning ordinance. In the summer of 1957 the entire tract of land owned by plaintiffs was, on their petition, annexed to the Village of Schiller Park. Some years earlier the village had adopted a zoning ordinance, presently effective, which classified all lands lying within the corporate limits of the village into districts as follows:

"A"—Single Family Residence District;
"B"—Residence District;
"B–1"—Trailer-Park District;
"C"—Commercial District;
"D"—Industrial District (light).

The ordinance provided that any new land annexed to the village should be classified as "A"—Single Family Residence District until differently classified by amendment, and, as a result of this provision, the subject property (the undeveloped tract owned by plaintiffs) became automatically classified as "A"—Single Family Residence District upon annexation to the village.

Before plaintiffs' property had become a part of the Village of Schiller Park, plaintiffs had maintained a trailer-park on the eastern 200 feet under Cook County zoning. In October of 1957 they made application to the zoning board of the village for a variation of the ordinance to permit the entire subject property to be improved and used as a trailer-camp. Pursuant to hearings on the petition, the zoning board, on November 29, 1957, denied the variation sought. Thereafter, on December 23, 1957, plaintiffs filed a complaint for administrative review in the Circuit Court, to which defendants filed their answer. After hearing, the Circuit Court entered an order on March 3, 1958, which found that the zoning ordinance, as it

185

pertained to trailer-park uses, was void, and which reversed the decision of the zoning board.

 It is urged on behalf of plaintiffs in support of the judgment of the Circuit Court that the zoning ordinance is void as applied to plaintiffs' property inasmuch as it does not meet the statutory requisite for enactment of a zoning ordinance as set forth in the Zoning Enabling Act relative to Cities and Villages (Ill. Rev. Stat. 1957, ch. 24, par. 73—1). Their counsel argues that limitation of use of the property by virtue of the "A"—Single Family Residence District classification cannot be justified, under the provisions of the Enabling Act, as necessary to the end that adequate light, pure air, and safety from fire and other dangers may be secured, or to the end that the taxable value of land and buildings throughout the area may be conserved, that congestion in the public streets may be lessened or avoided, and that the public health, safety, comfort, morals and general welfare may be otherwise promoted. This question was decided in Williams v. Village of Schiller Park, 9 Ill.2d 596. There the constitutionality of a zoning ordinance was the major consideration, but in the course of its opinion the court held that if there is room for fair difference of opinion concerning the reasonableness of a zoning classification, the legislative judgment of the municipal authorities should be respected, citing Herzog Bldg. Corp. v. City of Des Plaines, 3 Ill.2d 206, and Miller Bros. Lumber Co. v. City of Chicago, 414 Ill. 162.

. ██ It is further urged that the zoning board of appeals had jurisdiction to grant the variation sought. This raises the question whether plaintiffs should have applied to the Village of Schiller Park for an amendment or a modification of its zoning ordinance after the variation was denied by the zoning board of the village. By statute (Ill. Rev. Stat. 1957, ch. 24, sec.

186

73—4), the only three instances—and all three conditions must be met—under which a variation may be allowed, when substantiated by evidence, are when: "(1) the property in question cannot yield a reasonable return if permitted to be used only under the conditions allowed by the regulations in that zone; and (2) the plight of the owner is due to unique circumstances; and (3) the variation, if granted, will not alter the essential character of the locality." The minutes of the Schiller Park zoning board of appeals of November 29, 1957, noted various objections by property owners, and contained a petition of some thirty-three owners urging denial of the variation sought. The meeting of the zoning board of appeals was held pursuant to notice published in a local newspaper, and witnesses for both sides were heard. The minutes show that after a full discussion and hearing of all testimony, the board voted, five to two, against the variation. The reason assigned was that expansion of the trailer-park would allow for the development of other trailer sites in the village limits, which the board considered inadvisable. We think it a reasonable interpretation of the applicable section (Ill. Rev. Stat. 1957, ch. 24, sec. 73—4) that the zoning board may refuse to permit a variation affecting a particular area. The power of reclassification is given to the corporate authorities only; accordingly, in the circumstances, we think plaintiffs should have applied to the corporate authorities for a reclassification under the ordinance. Section 3 of article 3 of the ordinance lends support to this conclusion; it provides that "All lands hereafter annexed to the Village of Schiller Park shall be classified as 'A'—Single Family Residence District until differently classified by amendment." This ordinance was in force prior to the summer of 1957, when the subject property was annexed and became incorporated within the limits

187

of the Village of Schiller Park; legally, plaintiffs are charged with knowledge of the existing ordinance, including the procedure for reclassification, and are accordingly bound by the provisions of the ordinance.

■ ■ It was held in First Nat. Bank of Lake Forest v. County of Lake, 7 Ill.2d 213, that "Where the proper authorities adopt a zoning ordinance pursuant to a legislative grant, a presumption favoring its validity always obtains. [Citing cases.] One assailing the validity of such an ordinance as arbitrary and unreasonable as applied to particular property must prove by clear and affirmative evidence that the ordinance constitutes arbitrary, capricious and unreasonable municipal action, that there is no permissible interpretation which justified its adoption or that it will not promote the safety and general welfare of the public. [Again citing cases.]" See also Trust Co. of Chicago v. City of Chicago, 408 Ill. 91. In the case before us we find no evidence of capriciousness or of arbitrary and unreasonable action on the part of the zoning board.

■ Lastly, it should be noted that thirty-three residents petitioned the zoning board to deny the petition for variation. In Baltis v. Village of Westchester, 3 Ill.2d 388, it was pertinently observed that "This court has many times held that a purchaser of property subject to a general zoning ordinance has the right to rely upon the rule of law that the classification made in the general ordinance will not be changed unless the change is required for the public good." We are not called upon to resolve the question whether the corporate authorities should have granted a reclassification inasmuch as no such application was made.

For the reasons indicated, the order of the Circuit Court of Cook County is reversed.

Order reversed.