(No. 35221.—■■■■■■■■)

JOSEPH J. KOVACK *et al., vs.* THE VILLAGE OF LA GRANGE PARK, Appellant.—(MARY D. KOVACK, Appellee.)

*Opinion filed November 18, 1959—Rehearing denied Jan. 21, 1960.*

Ross, McGOWAN & O'KEEFE, and EDWARD S. CODY, both of Chicago, (RICHARD F. BABCOCK, and R. MARLIN SMITH, of counsel,) for appellant.

MAURICE J. NATHANSON, of Chicago, (HOWARD B. BRYANT, and JACK M. SIEGEL, of counsel, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The village of La Grange Park appeals from a judgment of the circuit court of Cook County declaring its zoning ordinance unreasonable and void as applied to certain property of the plaintiffs, Joseph J. Kovack and Mary

D. Kovack, his wife. The trial court certified that the validity of a municipal ordinance is involved and that the public interest requires the appeal to be taken directly to this court. After trial of the case Joseph J. Kovack died. His widow, as the surviving joint owner, is the appellee here.

The property consists of a tract of vacant land on the east side of La Grange Road, north of the intersection with 31st Street in the village of La Grange Park. It has a frontage of 313 feet, beginning about 150 feet north of the intersection, and has a depth of 150 feet. The ordinance restricts its use to residential purposes. For some twelve years Joseph Kovack operated a Pure Oil Service Station on the northeast corner of the intersection, south of the subject property. He leased the land on which the service station was located, sharing the corner with a restaurant. The owner of that property intends to demolish the existing structures and erect a new gasoline station thereon.

Kovack unsuccessfully sought a reclassification of the subject property before the zoning board of appeals and the village board, to enable him to use it as the site of a service station. Plaintiffs thereafter filed the present complaint, alleging that the residential classification of the property bears no direct relation to public health, safety, comfort, morals, or welfare, and is therefore invalid. Plaintiffs desire to operate a Shell Service Station on the property.

To sustain the complaint evidence was introduced concerning the character of the neighborhood and the use to which the property is adaptable. It appears that La Grange Road, also called Mannheim Road, is a four-lane north-south thoroughfare, and at the point in question is the route of U. S. Highways 12, 20 and 45. The parcel in question is bordered on the south by an alley across which is the Pure Oil service station formerly operated by Kovack. Adjoining the service station is a restaurant, both businesses

being located in the northeast corner of the intersection. On the southeast corner is a Standard Oil service station. On 31st Street, in the block running east from La Grange Road, a newspaper publishing office is on the north side and a business called the Budget Box is on the south side. East of these businesses, and east of the subject property are residences. The five blocks south of the intersection, except for the Standard Oil station property, are also devoted to residential use, and six blocks south is a shopping center known as the Village Market. Across the highway from the subject property is a forest preserve which extends north to the village limits (approximately four blocks) and south for about two blocks. Plaintiffs' land is adjoined on the north by a vacant lot. North of the lot, on the corner of the 30th street intersection, is a duplex, beyond which is a restaurant called the Old Farm Inn. At 29th Street there is an aluminum-storm-window business and beyond that is a cemetery.

Plaintiffs' evidence further showed that because of the volume of traffic passing the premises, and the fact that the stoplight at the intersection would tend to slow up the vehicles, the location is highly suitable for a gasoline service station. An expert appraiser testified that the highest and best use of the property is for business or commercial purposes; that if so used its value would be $200 per front foot, whereas if restricted to the prescribed residential use it would be worth at the most only $50 to $75 per front foot.

To sustain the residential classification the defendant called a real-estate appraiser and the owners of three neighboring properties. The appraiser testified that the presence of a service station on the subject property would be objectionable to nearby residents because of noise and lights; that the properties directly east would be depreciated by 25 per cent because of the headlights of cars coming in; and that the duplex located at the corner of 30th Street and La Grange Road would suffer a depreciation of about

10 per cent. He admitted on cross-examination, however, that it would make a difference of about 5 per cent in his opinion if the gasoline station closed at 8:30 in the evening, and that the traffic moving north on La Grange Road is more objectionable than the traffic which might come in and go out of a gasoline station located on the property. The witness further testified that the property along La Grange Road between 30th and 31st streets, wherein the subject property is located, would be worth more for business use than it is under the present "duplex" zoning; and that the value of such property would be about $200 a front foot if zoned for business as against about $100 a foot if zoned for duplexes.

The owner of the vacant lot adjoining plaintiffs' land on the north said she was opposed to the development of the subject property for a gas station unless she, too, could have her lot rezoned for business or commercial use. Two of the owners of the duplex on the corner of 30th Street each testified that a gasoline station on plaintiffs' property would subject them to noise, dirt and fumes of vehicles going in and out of it. The remaining witness for defendant was one of the owners of a house to the east of plaintiffs' land, who expressed opposition to the prayer of the complaint because their location at the foot of the hill would, if a service station were built, require the construction of a retaining wall at their rear lot-line.

The rules governing the validity of zoning ordinances are familiar and undisputed. A particular classification will be upheld if it bears a substantial relation to the public health, safety, comfort, morals, or welfare (*Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596); and one who challenges its validity, as applied to him and his property, has the burden of proving it to be arbitrary and unreasonable. (*Skrysak* v. *Village of Mount Prospect,* 13 Ill.2d 329.) Where it is shown, however, that the gain to the public is small compared to the hardship imposed upon

the property owner this burden is satisfied, and it becomes the duty of the court to declare the restriction unconstitutional. *Myers* v. *City of Elmhurst*, 12 Ill.2d 537; *Petropoulos* v. *City of Chicago*, 5 Ill.2d 270.

In the case at bar it is undisputed that under the residence classification the plaintiffs' property is worth at most only half of its value for business or commercial use. Examination of the photographs and maps in evidence, as well as the testimony of witnesses, indicates that its location next to an existing filling station and drive-in restaurant makes it largely unsuitable for residence use. In some respects the situation here is not unlike that in *Exchange National Bank* v. *County of Cook*, 6 Ill.2d 419, where vacant land along a heavily traveled artery of traffic was likewise zoned for residential use. We there observed that "the evidence of traffic conditions introduced by defendant is itself demonstrative of the unreasonableness of the residential classification."

It is evident in the present case that the character of the immediate area is determined by the intersection, with its two existing filling stations, restaurant and other adjacent businesses. In the block wherein the subject property is located there is only one residence structure: the duplex facing 30th Street. The houses to the east are separated from La Grange Road by a fairly steep hill, and face other streets.

A zoning restriction must find its justification in the promotion of public health, safety, morals, or welfare. (*Regner* v. *County of McHenry*, 9 Ill.2d 577.) Evidence having some bearing on this issue is found in testimony that a filling station or other business would bring noise, lights and fumes and would to some extent affect the value of residences in proximity thereto. Such testimony, however, must be evaluated in the light of the undisputed circumstances in this case. In view of the facts that filling stations and other businesses already exist next to and near

the subject property, it is highly doubtful that any substantial diminution in the value of nearby residences would result from the presence of one more commercial use in the area. Cf. *Krom* v. *City of Elmhurst*, 8 Ill.2d 104; *Chicago Title and Trust Co.* v. *Village of Franklin Park*, 4 Ill.2d 304.

As we have observed, the hardship to the plaintiffs is apparent. On the particular facts of this case we think that the benefit, if any, which the public receives is slight when compared to the loss suffered by the plaintiffs, and that the circuit court was justified in declaring the ordinance void as to their property. The judgment is therefore affirmed.

*Judgment affirmed.*