(No. 36572.—

JOHN J. KUIKEN *et al.*, Appellants, *vs.* THE COUNTY OF COOK, Appellee.

*Opinion filed November 30, 1961.*

JAMES C. MURRAY, of Chicago, for appellants.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is a declaratory judgment action brought by plaintiffs, John and Laura Kuiken, against the county of Cook seeking a declaration that the county zoning ordinance, insofar as it prohibits the use of a portion of plaintiffs' property for a trailer park, is unconstitutional and void. After a hearing on the merits, the trial court dismissed the complaint, and plaintiffs have appealed directly to this court.

The property involved is a portion of a single tract located at 1913 Waukegan Road, Northfield Township, in Cook County. One portion of the tract has 205 feet frontage on Waukegan Road and a depth of 170 feet, and is in an area having a county zoning classification of "B-4." A trailer park is permitted as a prior nonconforming use by the ordinance. The portion now in issue is an area 110 feet by 159 feet adjacent and contiguous with the east boundary of said property and is zoned "R-2," or for single family residences, wherein trailer park use is prohibited. Plaintiffs purchased the entire tract on January 9, 1959, at which time the entire tract, including the property in issue, was used for a trailer park with a State permit for twenty trailers. Three trailers were located on the subject property in violation of the ordinance on concrete slabs. Seventeen trailers were located on the other portion. The subject portion is landlocked and can be reached only through the legal trailer park in front.

Shortly after the purchase, plaintiffs were advised by representatives of defendant that the subject property could be used only for residential purposes. Thereafter plaintiffs

exhausted their local remedies and instituted the present suit.

The record discloses various and sundry business uses along Waukegan Road adjacent to or close by the subject property. On the same side of the street and just north of the subject property is Signo Furniture Company; then various apartments; then Ammer Road. Next to Ammer Road is a landscaping service. South of the subject property is a lot with apartments and a trailer located thereon. Next to that there is, in order, a motel, a restaurant, an older house, a dry cleaning establishment, a Sinclair gas station, another restaurant, an automobile parts store, and then a street known as Woodlawn Avenue.

Directly across the street on Waukegan Road from the subject property is the Hearth Fare Restaurant. Next to that there is a liquor store; to the north of the liquor store there is a dog kennel, which is being torn down and added to a trailer park which is just north of the dog kennel.

Going south and directly opposite the subject property on Waukegan Road is an auto parts store and, to the south, the Sail-In Tavern, Bill's Liquor and another trailer park. Behind the subject property to the east is residential construction of the singe-family type.

Three experts testified in the proceedings, Richard W. Manke, a real-estate broker who has been in the real-estate business in the area for some 15 years and a person experienced in the brokerage, building, subdividing, and development of property and appraisal of real estate. He testified that the value of the subject property as used for trailer park purposes was $17,000, whereas for residential purposes it was valueless. His valuation was determined on the basis that trailer spaces were worth $40 a month and, projecting that on an investment basis for three trailers, there would be $120 a month, or an annual income of $1,440 a year and, deducting $140 per year for maintenance, there would be a net return of $1,300 a year. His testimony as to

monthly rental charges was substantiated by the manager of the plaintiffs' trailer park, which disclosed a monthly rental for each trailer space of $35. The manager also testified that he has applicants for the three sites located upon the subject property.

Manke testified that, in his opinion, there was loss to the value of the properties adjacent and surrounding the trailer park because of the present existence of a legal trailer park. His testimony is to the effect that whatever diminishment of value of the surrounding properties by reason of the subject property being used for trailer park purposes already exists by the very existence of the trailer park fronting on Waukegan Road. Building permits for neighboring properties were introduced in evidence by the plaintiffs disclosing that residences were constructed on adjacent or nearby properties at the time trailers were located upon the subject property.

Two experts testified on behalf of the county, William S. Lawrence and George H. Kranenberg. Both Lawrence and Kranenberg are zoning experts who assisted in the adoption of the new county comprehensive zoning ordinance or assisted in the adoption of zoning ordinances of various other municipalities. Neither of the experts of the county testified as to the value of the plaintiffs' property as zoned for residential purposes or as zoned for trailer-park purposes and neither testified as to any specific diminishment of value of surrounding properties by reason of the existence of a trailer park upon the subject property.

Kranenberg, who assisted in the adoption of the county zoning ordinance, testified that the subject property was of no value for residential purposes unless additional properties could be purchased, so that some access could be obtained to and from the property. Kranenberg stated that in the preparation and recommending of the Cook County zoning ordinance he did not consider the factors which the Supreme Court of Illinois has laid down to determine the reasonable-

ness of the county zoning ordinance. As a matter of fact, he did not know them. He testified that the line of demarcation between business uses and residential uses was placed in this area predicated upon maintaining a straight line without regard to ownership of the property. He testified that the only variation from the straight line was made where the use of the property extended beyond the desired straight line. On cross-examination it was disclosed that the Signo Furniture Company, which owned the property immediately north of the plaintiff's property, had a business use and that part of their property was zoned for business purposes and the other part of their property for residential purposes. It was testified that the only standard used was the maintenance of the straight line, and that had the Signo Furniture Company used more of their property for their furniture building, the straight line would not have been maintained.

On this appeal the plaintiffs argue that they have been deprived of their constitutional rights in that the limitation of the zoning ordinance as applied to the subject property results in little or no gain to the public compared to an almost total confiscation of plaintiffs' property. They further argue that applied to other property the zoning ordinance bears no relationship to public health, safety, comfort, morals or welfare and is arbitrary and unreasonable and denies plaintiffs the right to use their property for a trailer park while it permits others in similar situations to use their property for such purposes.

On the other hand, the defendant states that the plaintiffs purchased the premises with full knowledge of the zoning ordinances and have failed to sustain their burden of establishing the invalidity of zoning ordinance in question.

The burden of proof is upon the property owner challenging the ordinance to show that, as applied to his property, the ordinance is arbitrary and unreasonable and with-

out substantial relationship to the public health, safety, morals or general welfare. (*Herman* v. *Village of Hillside,* 15 Ill.2d 396; *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253.) However, where it is clearly shown that the gain to the public is small compared to the hardship imposed upon an individual property owner by the zoning restriction, this burden may be sustained. *Dalkoff* v. *City of Rock Island,* 17 Ill.2d 342; *Kovack* v. *Village of La Grange Park,* 18 Ill.2d 233; *Nott* v. *Wolff,* 18 Ill.2d 362.

In the instant case the hardship to the plaintiff property owners is undisputed. The uncontradicted testimony of plaintiffs' expert witness sets the value at $17,000 for use as a trailer park, and as practically valueless for residential purposes because the only access is through an existing trailer park.

Defendant's expert, Lawrence, testifying "purely as a planner," stated generally that any trailer park is not compatible with an adjoining residential development. He further testified that the present legal trailer park owned by plaintiffs to the west of the subject property is not compatible with the residential development to the east, and that "the extension of the trailer camp more adversely affects the residential to the east in that it would be closer."

Kranenberg also testified that he was the director of the staff that prepared the present zoning ordinance. He defended the present ordinance on the basis that it maintained a straight dividing line between existing uses. He testified that in his opinion it would not be proper to permit the extension of the existing trailer park, from a planning and zoning standpoint, as it "would be intrusion and extension of a business district into a solid residential district and would provide further exposure to this type of use as it relates to the residential character of the area in which it found itself." He did not take into consideration the effect on individual property values and stated, "My entire consideration in coming to the conclusion as to what I feel

from a zoning standpoint with respect to the subject property is predicated on a line which has been established to separate one use from another."

The only neighboring property owner testifying on behalf of the defendant was Arthur Strauss who owned the only home adjacent or contiguous to the subject property. Strauss formerly owned the trailer park fronting on Waukegan Road together with the subject property, and, at the time he commenced building his home, had three trailers located on the subject property in violation of the zoning ordinance. Strauss sold the property to plaintiffs at a time when three trailers were located on the subject property. He testified that his objection was "that the trailers are detrimental to the property I own. At the time I owned the property and transferred it to them [plaintiffs] I had trailers on there but they were further away from the property."

From the entire testimony offered in behalf of the defendant, there is no specific testimony of any economic decrease in the value of the neighboring property or any specific interference with the public health, safety or morals. The gist of defendant's argument is that a straight line of demarcation should be maintained at a depth of 150 feet from Waukegan Road between business and residential use.

We have considered that plaintiffs purchased this property with knowledge of the pre-existing zoning classification and we feel that this has a bearing on their claim. (*Eckhardt* v. *City of Des Plaines,* 13 Ill.2d 562.) However, this fact in itself does not preclude a purchaser from attacking the validity of an existing zoning ordinance. (*Schneider* v. *Board of Appeals,* 402 Ill. 536; *Harmon* v. *City of Peoria,* 373 Ill. 594.) We have also considered the obvious desirability in maintaining the straight line of demarcation between permitted uses. Nevertheless the straight line was varied in the original ordinance and the zoning board has also varied it where, as here, serious harm to property owners would otherwise result.

We carefully examined the entire record in the light of these particulars and find that the undisputed and substantial damage to plaintiffs by the present ordinance is not balanced by the benefit to the general public. We find no evidence that there is any substantial diminution of value of neighboring residences. While such damage would usually occur by the extension of a trailer park or the creation of a new trailer park, in the case at bar the existing trailer park facilities are numerous and extensive and we feel that they have already accomplished as much detriment to the adjoining area as could be caused by the present extension. (Cf. *Herman* v. *Village of Hillside,* 15 Ill.2d 396.) We, therefore, feel that the harm to the individual property owner caused by the enforcement of the present zoning ordinance is not balanced by a benefit to the public, and the zoning ordinance, as applied to the subject property, must be declared void. *Kovack* v. *Village of La Grange Park,* 18 Ill.2d 233; *Dalkoff* v. *City of Rock Island,* 17 Ill.2d 342.

In conclusion the judgment of the trial court is reversed and the cause remanded, with directions to enter a decree declaring the ordinance void in accordance with the prayer of the complainant.

*Reversed and remanded, with directions.*