John Seidelman and Margaret Seidelman, Plaintiffs-Appellants, v. County of Kane, Carl M. Carlson, County Zoning Enforcement Officer, The Chairman and The Board of Supervisors of Kane County, Illinois, a Body Politic, Defendants-Appellees.

Gen. No. 65–55.

Second District.

April 14, 1966.

Richard W. Husted, of Elgin, for appellants.

C. William Richards, of Aurora, and William R. Ketcham, State's Attorney, of Geneva, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court for the 16th Judicial Circuit, Kane County, wherein the Chancellor denied plaintiff's request for a declaratory judgment that the Kane County Zoning Ordinance was unconstitutional and void as it applied to plaintiff's property.

The plaintiffs inherited a four acre rectangular tract of land having a 200-foot frontage on Rural Street and being approximately 880 feet deep. The tract is located approximately 1,000 feet East of the corporate limits of the City of Aurora. At that time the entire four acres were classified as an –F– or farming district. In 1953 plaintiffs petitioned to have the front two acres rezoned to a B–3 or business district classification to permit them to use the land in connection with a boiler repair business. This zoning was granted. Subsequent to this rezoning, plaintiffs applied for a permit to operate a trailer court on these two acres, which permit was granted. Since then down to the present time, the front two acres have been used as a trailer park with 50 trailers in the park.

The two acres subject to this proceeding are to the North of the existing trailer park. This property has no access to any street or thoroughfare other than through the existing two acre trailer park. If the rezoning is permitted, plaintiff intends to modernize the trailer park to accommodate approximately 76 new, modern mobile homes. Immediately to the South of the subject property, across Rural Street, is another existing trailer park which appears to be about 2½ times the size of plaintiff's existing park. On the South side of Rural Street, to the West, the property is zoned for business and industry and adjacent to the trailer park on the South side of Rural Street is a storage yard on which is kept well digging equipment. Approximately 1,000 feet to the East of the subject property, on the North side of Rural Street, is an area zoned for business.

In the immediate vicinity over 80% of the land appears to be vacant; there being several scattered residences in the surrounding area.

The plaintiff's property is surrounded by an area designated as farming by the Kane County Zoning Ordinance, except to the South, which is industrial. The Plan Commission of the City of Aurora has adopted a development and general land use plan for the City indicating that for approximately 2,000 feet on the North side of Rural Street a 500 foot strip is to be utilized as light industry, the center of which strip appears to be the existing trailer camp of the plaintiff. The general area appears to have no consistent zoning pattern.

Witnesses for plaintiff testified that the highest and best use of the subject property would be for a trailer park. One of plaintiff's witnesses, Edward Corbett, the Executive Director of the Illinois Mobile Home Association, testified that mobile home parks as small as plaintiff's existing one are becoming less and less feasible economically in view of the development and use of the larger, more modern mobile homes. Edward M. Kyser, a realtor and appraiser, called by defendants, testified as to the value of several of the residences in the general area but did not testify as to the diminution in such values, if any, which would result if the request for rezoning was granted. Thornton K. Ware, the Director of Planning for Kane County Planning Department, testified that in his opinion the highest and best use of the land in this area was for single family residences. On cross examination he testified that no permits to build residences in this area were now pending nor had any been sought or issued within the past five years.

■■ As defendants have stated, the burden of proof is upon the property owner challenging the ordinance to show that as applied to his property the ordinance is arbitrary and unreasonable and without substantial re-

lationship to the public health, safety, morals or general welfare. Kelley-Williamson Co. v. City of Rockford, 61 Ill App2d 482, 486, 209 NE2d 681; Lapkus Builders, Inc. v. Chicago, 30 Ill2d 304, 309, 196 NE2d 682. On the other hand, however, where the evidence shows that the gain to the public is small compared to the hardship imposed upon the individual property owners, this burden may be sustained. Dalkoff v. City of Rock Island, 17 Ill2d 342, 347, 161 NE2d 292; La Salle Nat. Bank v. County of Cook, 12 Ill2d 40, 46, 47, 145 NE2d 65. Here the plaintiff does not seek to introduce a new zoning classification into the area but merely seeks to extend an existing classification to cover this additional two acres, which is locked off from any access to a public thoroughfare. Immediately to the South there is another larger trailer park which apparently has been in operation for many years. While the defendants presented evidence as to the values of some of the existing private residences, there was no testimony as to how much those values would be diminished should the subject property be rezoned, nor was there any evidence that the extension of the trailer park would be detrimental to the public health, safety and morals.

The facts in Kuiken v. County of Cook, 23 Ill2d 388, 178 NE2d 338, were substantially similar to those before us. In that case, at Page 395 the Court said:

"We carefully examined the entire record in the light of these particulars and find that the undisputed and substantial damage to plaintiffs by the present ordinance is not balanced by the benefit to the general public. We find no evidence that there is any substantial diminution of value of neighboring residences. While such damage would usually occur by the extension of a trailer park or the creation of a new trailer park, in the case at bar the existing trailer park facilities are numerous and ex-

tensive and we feel that they have already accomplished as much detriment to the adjoining area as could be caused by the present extension. (Citation omitted.) We, therefore, feel that the harm to the individual property owner caused by the enforcement of the present zoning ordinance is not balanced by a benefit to the public, and the zoning ordinance, as applied to the subject property, must be declared void. (Citations omitted.)"

The defendant seeks to distinguish the Kuiken case, supra, from the case before us by pointing out that the premises in the Kuiken case were zoned commercial on either side and that the residential area was to the East or to the rear. In the case at bar the area to the North is residential, the area on either side is classified as farming and the area to the South commercial. We do not consider this difference as being substantial, nor do we consider the failure to introduce testimony that the premises in question had a substantial value if used for a trailer camp and little or no value if restricted to residential as being controlling. The evidence disclosed that the tract is inadequate for farming. It has no ingress or egress for residential purposes. There is evidence that an extension of the present operation would be profitable. We, therefore, conclude there are sufficient facts in this record to substantiate that the extension of the trailer camp operation would enhance the value of the property. Applying the principles set forth in the Kuiken case we conclude that the zoning ordinance of Kane County regarding the subject property must be declared void.

The judgment of the trial court is reversed and remanded with directions to the court to hear further evidence relative to the extent to which the plaintiffs propose to use such premises for an expansion of the trailer court operation thereon and to enter an appropriate de-

cree permitting such expansion of use, which decree shall give due consideration to such expanded use of plaintiffs' property and the compatibility of such use to the uses of the surrounding property. Harshman v. City of DeKalb, 64 Ill App2d 347, 212 NE2d 146.

Reversed and remanded with directions.

MORAN, P. J. and DAVIS, J., concur.