Herbert Schmeisser and Sandra Schmeisser, His Wife, and Lee Strubing and Kay Strubing, His Wife, Plaintiffs-Appellants, v. Village of Niles, a Body Politic and Corporate, Defendant-Appellee.

Gen. No. 52,578.

First District.

July 11, 1969.

McLennon, McLennon & Nelson, of Park Ridge (Leo F. McLennon, of counsel), for appellants.

Jack M. Siegel, Ross, Hardies, O'Keefe, Babcock, Mc-Dugald & Parsons, and James R. Sneider, of Chicago (Jack M. Siegel, of counsel), for appellee.

TRAPP, P. J.

Plaintiffs' action sought to have the zoning ordinance of the defendant Village and the ordinance provisions for "special uses" within the business zoning classifications declared unconstitutional and void, and also sought to have the ordinance declared void as applicable to the land of the plaintiffs. The trial court approved the Master's report which recommended dismissing the action for want of equity, entered judgment for the defendant and taxed the costs against the plaintiffs. They appeal.

Plaintiffs' property is classified under the ordinance as B–1, a retail business zone. An automobile service station or "gas" station is not a "permitted use" in this classification, but such use may be authorized as a "special use." The ordinance also has a B–2 classification designating service business zones. In the latter zone a "gas" station is a permitted use.

The Village Ordinance adopted in 1961 is comprehensive in detail. As the disposition of the case turns upon the validity of the "special use" feature of the ordinance, we note that there is provision for a "special use" in two aspects: First, Section III sets forth certain definitions. A "special use" is defined as a building or use which complies:

> ". . . with the applicable regulations governing Special Uses of the zoning district in which such building . . . is located."

115

Secondly, Section XI of the ordinance provides certain administrative procedures. Paragraph H includes the statement:

> "1. Purpose
>
> "The development and execution of the Comprehensive Zoning Ordinance is based upon the division of the village into districts, within any one of which the use of land and buildings and the bulk and location of buildings or structures, as related to the land, are essentially uniform. It is recognized, however, that there are special uses which, because of their unique character, cannot be properly classified into any particular district or districts without consideration in each case of the impact of those uses upon neighboring lands, and upon the public need for the particular use of the particular location. Such special uses fall into two categories:
>
> "a. Uses operated by a public agency or publicly-regulated utilities, or uses traditionally affected with a public interest.
>
> "b. Uses entirely private in character, but of such a nature that the operation may give rise to unique problems with respect to their impact upon neighboring property or public facilities."

Plaintiffs filed a petition with the Village Trustees which requested that the property classification be changed from B–1, retail business, to B–2, service business. Notice was published of a hearing to be held on September 26, 1963, by the Village Plan Commission and the Zoning Board of Appeals, which included hearing on such petition. The pleadings admit that reclassification of the property was denied.

██ Plaintiffs argue that the zoning classifications should be held unconstitutional as being arbitrary and capricious and actually designed to control the kind and

number of businesses so as to create an area monopoly. So far as we can ascertain, such argument is bottomed on the notion that the "permitted uses" of the two classifications are essentially similar to the "special uses" which are specified. The retail business classification purports to limit service activity to that performed indoors or under cover, but the service business classification permits service activity without such limitation. While the designation of particular businesses as retail or service might produce some differing views, there is nothing inherently arbitrary in such classification. The rule is stated to be that where there is a reasonable ground for difference of opinion as to the basis of classification, the legislative judgment expressed in the ordinance will be sustained. Williams v. Village of Schiller Park, 9 Ill2d 596, 138 NE2d 500.

■ It is argued that the "special use technique" cannot be applied to uses which are capable of being placed in a regular classification as is a "gas" station. By amendment in 1967, c 24, § 11–13–1.1, Ill Rev Stats, appears to grant specific authority to a city to create the "special use" concept present in this ordinance. Plaintiffs urge that such amendment does not authorize the provision of the 1961 ordinance at issue and in fact shows that there was no legislative authority to make the provision for "special use." It is further argued that the ordinance at issue does not meet the definition of a "special use" stated by the Supreme Court in Kotrich v. The County of Du Page, 19 Ill2d 181, 166 NE2d 601. In Kotrich it was contended that there was no statutory authority for the "special use" provision of a county zoning ordinance. The Supreme Court, however, accepted as desirable the flexibility provided by the "special use technique," and upon the facts there at hand defined a "special use" as being within a residual category of uses which might be employed, albeit, usually infrequently and generally upon large areas of land for uses which cannot

be categorized in a given use zone without the possibility of excluding a beneficial use but which are potentially incompatible or dangerous within a given zone. The terms of limitations announced by the Court were in the context that such uses were necessarily of an ad hoc quality which must not be permitted to erode the protective procedures in the provisions for amendment of or variation in an ordinance classification.

The Niles ordinance provides for a "special use" not only in the function and with like procedures stated in Kotrich but by its legislative action it also permitted uses defined specifically as "special uses" within the designated classifications which might be authorized through regular procedures. The ordinance provides for an application, notice and hearing designed to protect property owners from piecemeal changes in the zoning scheme. Having in mind the goal of flexibility while maintaining protection, it cannot be said that the language of the Court in Kotrich, delimiting one category of "special use" creates a constitutional barrier to the municipal creation of a distinct category of use which bears the same label.

While the legislative amendment of 1967 authorizes zoning in almost the precise concept of "special use" at issue, such fact cannot rationally be interpreted to mean that the Niles ordinance of 1961 is void for want of specific prior legislative authority. The "special uses" defined in the Niles ordinance for the B-1 classification would seem equally to be within the powers conferred by the statute prior to 1961 in the provision:

> ". . . (4) to classify, regulate and restrict the location of trades and industries and the location of buildings designed for specified industrial, business, residential, and other uses; . . . ."

C 24, § 73–1, Ill Rev Stats 1955.

Plaintiffs' argument that c 24, § 11–13–1.1, Ill Rev Stats 1967, must be unconstitutional because it does not meet the limitations stated by the Supreme Court in Kotrich is, we believe, determined by our discussion of the different functions of "special use" as provided in the ordinance.

The complaint as amended alleges that plaintiffs' "request" for a "special use" as a gasoline station was denied by the Village Plan Commission and Zoning Board of Appeals, and that such denial was unconstitutional because it deprived plaintiffs of the highest and best use of their property without due process of law.

Plaintiffs do not plead that there was, in fact, an application to the Village Board for a "special use," but rather that at the hearing upon the petition for amendment of the ordinance to reclassify the property, plaintiffs' counsel orally stated to the Plan Commission to which the petition had been referred, that a "special use" as a gas station would be acceptable to plaintiffs. This is pleaded as a "request" for a "special use" as distinguished from the "application" provided by ordinance. It is such "request" which is alleged to have been denied.

By answer the defendant denies that a "special use" was rejected by the Village Board, and denies that an application or "request" for "special use" was ever acted upon. Plaintiffs have nothing in the record upon the issue raised as to denial of "special use." The minutes of the meeting of the Plan Commission show that there was discussion of "special use" as a gasoline station, albeit there had been no notice of hearing upon an application for a "special use." Upon motion, such was continued in order that the plaintiffs might present data as to the adequacy of surface drainage and to obtain plaintiffs' views as to a restriction upon rental parking as a part of the gasoline station use.

119

■ The Master in Chancery's report, approved by the court, found that there was no reason of substance which appeared to sustain plaintiffs' prayer that the B–1 classification be declared void. He further found that there had been no application for a "special use" in the B–1 classification within the provisions of the ordinance and that such was an "omission of substance," and that there was no evidence that an application for such "special use" if made would be denied. This portion of the complaint being directed to the ordinance as it affected the particular parcels owned by the plaintiffs, the policy of exhaustion of administrative remedies may be appropriately applied by the court. Bank of Lyons v. County of Cook, 13 Ill2d 493, 150 NE2d 97. Since neither the Plan Commission nor the trial court have passed upon an application for "special use," no issue is presented to us for review.

Plaintiffs argue that the exhaustion of remedies doctrine should be waived as it is useless and futile for the plaintiffs to proceed further in seeking a "special use." Such result is not necessarily apparent from the only record of the proceedings of the Plan Commission heretofore noted. This record shows nothing within the rule of Van Laten v. Chicago, 28 Ill2d 157, 190 NE2d 717, where, while plaintiffs' action was pending, the property was reclassified twice without granting relief, contrary to the recommendation of the Master in Chancery in such pending action. See also Herman v. Village of Hillside, 15 Ill2d 396, 155 NE2d 47 and Fiore v. City of Highland Park, 76 Ill App2d 62, 221 NE2d 323.

Upon the conclusions here reached, there was no error in the order taxing costs.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.