AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (5th Division) No. 61079

Opinion filed December 12, 1975.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellant.

Bernard Allen Fried, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from a judgment finding its R-3 zoning classification of plaintiff's property to be arbitrary, unreasonable and unconstitutional, and declaring an M1-1 classification to be proper. It contends that the existing classification is not an arbitrary or unreasonable exercise of its police power.

The property involved is an undeveloped lot, approximately 250 feet by 125 feet, located at 1722-1746 North Paulina Street. Plaintiff purchased this property in 1967 together with a six-story manufacturing building directly across the street, on the east side of Paulina. Beginning on the subject property's southern boundary and continuing south along the west side of Paulina are several single- and multiple-family residences. Across the alley from its western boundary are several multifamily residences, a single-family residence, and a vacant lot. All of this property to the south and west is zoned general residential under the R-3 classification. A paved alley along the subject property's northern boundary separates it from a single-story, light manufacturing building zoned as restrictive manufacturing under the M1-1 classification. The six-story building directly across from the subject property is also zoned M1-1. At the corner of Paulina and Wabansia, the nearest intersection to the south, stands a parochial school and church. A public elementary school is located one block to the east at Marshfield and Wabansia. A playground has recently been built by defendant one block directly to the east of the subject property on the 1700 block between Marshfield and Ashland Avenue.

On June 4, 1973, plaintiff filed its complaint for declaratory judgment alleging that: it has exhausted its administrative remedies; it had complied with the statutory notice to adjoining landowners requirement for declaratory judgment suits (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—8); the defendant's 1972 Zoning Ordinance as it applied to the subject property through its R-3, general residential classification, was discriminatory and had no reasonable relationship to the health, safety or welfare of the public; and praying for a judgment declaring the existing classification to be invalid and allowing it to improve and use the property under the M1-1, restricted manufacturing classification.

Defendant's answer denied the allegations of plaintiff's complaint, and affirmatively stated that the R-3 classification was reasonable and bore a presumption of validity.

At trial, the following evidence pertinent to this appeal was adduced.

For the plaintiff:

*Bernard Fried*

He is plaintiff's attorney. He filed an application with the City of Chicago to amend the zoning classification from R-3 to M1-1. After referral to committee and a public hearing, the City Council denied his application. Numerous attempts to sell the property have been unsuccessful. On cross-examination, he admitted that plaintiff had no existing agreement nor conditional sales contract with any real estate broker to sell the property.

*Martin Niedelson*

He is an architect who drove by the subject property in order to familiarize himself with it. He believes plaintiff would construct a light industrial warehouse on the property. On cross-examination, he stated that he had not been retained by plaintiff to design or supervise construction, nor had he drawn any plans or specifications for construction purposes.

*William Lawrence*

He is a city planning and zoning consultant. He familiarized himself with the subject property by making several inspections and by studying the zoning ordinances and surrounding uses. The highest and best use of the subject property would be limited manufacturing under M1-1 because the property was directly across from other manufacturing uses. A M1-1 use would provide an employment base for the neighborhood. Single-family homes would be inappropriate for the property. The proposed use would have little effect on parking in the area. On cross-examination he admitted that he could not develop a traffic generation study until he knew the exact use. Although schools and churches generally indicated a residential neighborhood, those structures existed when the light manufacturing building immediately north of the subject property was developed.

*William McCann*

He is a real estate broker and appraiser. He examined the area and photographed it. The highest and best use from a real estate stand-point would be M1-1. The maximum residential value of the property was $10,000. Residential financing was not readily available. The value of the property as light industrial would be $30,000. New construction would stabilize declining land values. The six-story manufacturing building is the dominant characteristic on this block. The most recent construction in the area is the one story industrial building to the north of the subject property.

For defendant:

*Richard McKinnon*

He is a City Planner. He surveyed the land uses of the surrounding area. He then checked his survey against the Sanborn maps. The R-3 classification is reasonable for the subject property. Although the neighborhood is old, it is predominately residential and is maintaining itself adequately. The existing residential structures are all occupied. The subject property is the only available land for new residential construction. On cross-examination he stated that a M1-1 classification would also be a reasonable use for the subject property. He knew of no residential structures constructed within a two block area in the recent past.

The defense rested its case at the conclusion of this witness's testimony.

On July 31, 1974, the trial court entered its judgment and this appeal followed.

OPINION

■■ Defendant contends that the existing R-3 classification is not an arbitrary and unreasonable exercise of its police power. It is a well settled rule of law in Illinois that a presumption of validity attaches to a municipality's zoning classification. (*Treadway v. City of Rockford*, 24 Ill.2d 488, 182 N.E.2d 219.) This presumption of validity recognizes the municipality's particular expertise and seeks to allow for a comprehensive and cohesive plan for urban development. In order to rebut this presumption, plaintiff must prove by clear and convincing evidence that the zoning classification is arbitrary, unreasonable and without any substantial relationship to the public health, safety and welfare. *Schultz v. Village of Lisle*, 53 Ill.2d 39, 289 N.E.2d 614.

In the instant case, plaintiff has introduced evidence that a M1-1 classification would promote a reasonable use. The record discloses, however, that plaintiff has failed to meet its burden of proving that the existing R-3 classification is unreasonable. The mere fact that another use may also be reasonable is insufficient to invalidate an existing use which has been shown to be clearly reasonable. (*Williams v. Village of Schiller Park*, 9 Ill.2d 596, 138 N.E.2d 500; *Urann v. Village of Hinsdale*, 30 Ill.2d 170, 195 N.E.2d 643.) Defendant has shown that while the neighborhood is old, it remains predominately residential. All of the existing residential structures are occupied. Two schools and a church are within close proximity to the subject property. Furthermore, the City has recently constructed a playground for children within one block of the subject property.

■■ Plaintiff's reliance on *Dalkoff v. City of Rock Island*, 17 Ill.2d 342, 161 N.E.2d 292, is unfounded. In that case the Supreme Court invalidated a residential use classification as it applied to a parcel situated on a major thoroughfare of the city and surrounded by numerous commercial enterprises. Here, the record amply establishes the residential character of the neighborhood. Moreover, the existence of a commercial or industrial use near or even adjacent to the subject property will not upset its residential character. *Jans v. City of Evanston*, 52 Ill.App.2d 61, 201 N.E.2d 663.

■■ In light of the presumption of validity which attaches to the defendant's zoning determination and the ample evidence in the record

26

supporting the reasonableness of the existing R-3 classification; we reverse the judgment of the circuit court of Cook County.

Reversed.

BARRETT, P. J., and SULLIVAN, J., concur.